O P I N I O N
Defendant, Chadley Grube, appeals from the trial court's determination that he is a sexual predator.
On February 27, 1992, Defendant was charged by bill of information with two counts of forcible rape in violation of R.C. 2907.02(A)(2). Defendant entered a guilty plea to both counts as charged, and was subsequently sentenced by the trial court to nine to twenty-five years of imprisonment on each count, the sentences to be served consecutively.
On October 13, 2000, a sexual offender classification hearing was held. At the conclusion of that hearing the trial court designated Defendant a sexual predator. Defendant timely appealed to this court from the trial court's judgment.
Defendant's appellate counsel filed an Anders brief, Anders v.California (1967), 386 U.S. 738, asserting that he could find nomeritorious issues for appellate review. We advised Defendant ofhis counsel's representations and afforded him ample time to filea pro se brief. None has been received.
 In his Anders brief, Defendant's appellate counsel identifies aspossible issues for appeal various constitutional challenges to Ohio'ssexual predator law, R.C. Chapter 2950. These claims include violationsof the ex post facto clause, double jeopardy, cruel and unusualpunishment, vagueness, equal protection, and due process violationsresulting from public notification.
 These and other constitutional claims have previously been consideredand rejected by the Ohio Supreme Court and this court.State v. Cook(1998), 83 Ohio St.3d 404; State v. Williams (2000), 88 Ohio St.3d 513;State v. Bruns (July 24, 1998), Montgomery App. No. 16807, unreported;State v. Lewis (October 2, 1998), Greene App. No. 97-CA-134, unreported;State v. White (November 5, 1999), Miami App. No. 98-CA-37, unreported. We necessarily reject them here on the basis of that authority.
In addition to reviewing the potential issues raised by Defendant's appellate counsel, we have conducted an independent review of the record in this case.
In order to adjudicate Defendant a sexual predator, the trial court was required to find by clear and convincing evidence (1) that Defendant has been convicted of or pled guilty to a sexually oriented offense and (2) that "he is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E); R.C. 2950.09(B)(3). Defendant's convictions for rape constituted a sexually oriented offense. See R.C.2950.01 (D)(1). Accordingly, the only remaining issue is whether Defendant is likely to engage in the future in another sexually oriented offense.
Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
Cross v. Ledford (1954), 161 Ohio St. 469, 477; State v. Ingram
(1992), 82 Ohio App.3d 341.
In determining whether an offender is a sexual predator, the trial court may consider the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
At the hearing held in this matter the State introduced without objection from Defendant State's Exhibit 1. That exhibit includes the House Bill 180 screening instrument, the correctional institution's report on Defendant, the presentence investigation report, the psychological evaluation of Defendant performed in 1992 by Dr. Bergman, a 1989 drug/alcohol treatment report, and a psychological evaluation of Defendant performed in June 2000 by Dr. Dyer.
Substantial evidence was presented by the State which permits a reasonable inference that Defendant poses a high risk for re-offending. For instance, the facts that his offenses involved multiple victims and Defendant's display of cruelty toward his victims, which included beating both victims and inserting a metal rod into the vaginal and anal cavity of one victim, portray a depravity that is likely to be repeated. Other factors probative of an increased risk for re-offending include Defendant's minimization of his culpability and involvement in these crimes, Defendant's history of prior convictions, the fact that Defendant has a diagnosed severe personality disorder, Defendant's involvement in drug abuse while in prison and his lack of treatment therefore, and Defendant's admission that he has committed numerous other uncharged rapes. Defendant, on the other hand, presented no evidence.
Based upon the evidence in this record, a rational trier of fact could find by clear and convincing evidence that Defendant is likely to commit additional sex offenses in the future. Thus, the trial court's finding that Defendant is a sexual predator is supported by legally sufficient evidence. We see no prejudicial error in the proceedings of the trial court which deprived Defendant of a fair trial.
The judgment of the trial court will be Affirmed.
 _________ GRADY, J.
WOLFF, P.J. and BROGAN, J., concur.